UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOANNA MOSKELAND,

                                                                                      DECISION AND ORDER

                              Plaintiff,

                                                                                      19-CV-6592L

                            v.

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On January 8, 2016, plaintiff, then fifty-one years old, filed an application for a period of disability and disability insurance benefits, beginning June 1, 2014. (Administrative Transcript, Dkt. #7 at 5-2 at 10). Her representative later amended her request to reflect a closed period from June 1, 2014 through September 1, 2016.

      Plaintiff's application was initially denied. She requested a hearing, which was held March 12, 2018 before Administrative Law Judge ("ALJ") John M. Lischak. The ALJ issued an unfavorable decision on August 28, 2018. (Dkt. #5-2 at 10-20).That decision became the final decision of the Commissioner when the Appeals Council denied review on June 13, 2019. (Dkt. #5-2 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #15) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, including degenerative disc disease and headache disorder, which the ALJ determined together constituted a severe impairment not equaling a listed impairment. (Dkt. #5-2 at 13).

Plaintiff's medical records also included treatment records and assessments reflecting mental health issues, variously diagnosed as major depressive disorder, history of opiate and stimulant addictions, posttraumatic stress disorder, agoraphobia with panic attacks, sleep dysfunction, panic disorder, and anxiety. (Dkt. #5-2 at 14). Applying the special technique for mental impairments, the ALJ found that plaintiff has no more than mild limitations in any of the four relevant functional areas: (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentration, persistence and pace; and (4) adapting and managing herself. *Id*.

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform medium work, with a limitation to work environments with no more than a moderate noise level. (Dkt. #5-2 at 17).

When presented with this RFC as a hypothetical at the hearing, vocational expert Sugi Y. Komarov testified that such an individual could return to plaintiff's past relevant work as a speech pathologist. (Dkt #5-2 at 19-20). The ALJ accordingly found plaintiff "not disabled."

## I.       The ALJ's Step Two Findings

The ALJ's decision described and listed plaintiff's several mental health diagnoses, but nonetheless found that plaintiff's mental health impairments were non-severe.

Plaintiff argues that in making this finding, the ALJ ignored evidence of record and failed to properly assess and account for relevant medical opinions, and that he resulting decision was not based on substantial evidence, and was the product of legal error.

The Court agrees. At step two of the disability analysis, the ALJ must determine whether the plaintiff has one or more severe impairments that significantly limit his or her physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c). "The claimant bears the burden of presenting evidence establishing severity." *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012), *adopted*, 32 F. Supp. 3d 253 (N.D.N.Y. 2012). The standard at step two is "*de minimis* and is meant only to screen out the weakest of claims." *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Nonetheless, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor*, 32 F. Supp. 3d 253 at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Rather, "to be considered severe, an impairment or combination of impairments must cause more than minimal limitations in [a claimant's] ability to perform

work-related functions." *Windom v. Berryhill*, 2018 U.S. Dist. LEXIS 176372 at *7 (W.D.N.Y. 2018) (internal quotation marks and citations omitted).

Consulting psychologist Dr. Amanda Slowik examined plaintiff on March 14, 2016 (Dkt. #5-7 at 567-71). Dr. Slowik diagnosed major depressive disorder, posttraumatic stress disorder (by report), and a history of stimulant and opiate addiction. She determined that plaintiff had, in addition to some mild limitations, "moderate" limitations in performing complex tasks, and "moderate to marked" limitations in maintaining a regular schedule and dealing appropriately with stress. *Id*. Stage Agency psychological consultant Dr. Richard Nobel did not examine plaintiff, but reviewed the record and determined that plaintiff had "moderate" limitations in carrying out detailed instructions, keeping a schedule, maintaining regular attendance and punctuality, interacting appropriately with the public, responding to changes in the work setting, and traveling. He opined that plaintiff's functional capacity was limited to unskilled work. (Dkt. #5-2 at 68-80). Both opinions indicated moderate or greater mental limitations, and thus, either one, if credited, would have compelled the ALJ to find that plaintiff's mental health impairments were "severe." *See* 20 C.F.R. §404.1520a(d)(1)(a mental impairment will be found "non-severe" only where the degree of resulting limitation is mild or better).

While these two opinions were the only physician opinions of record concerning plaintiff's mental RFC, the ALJ declined to give either opinion more than "some" weight, finding that greater-than-mild limitations were "not supported by the record." (Dkt. #5-2 at 15). Specifically, the ALJ observed that plaintiff's mental health issues had generally been treated by her primary care providers and not by mental health specialists, that plaintiff's symptoms appeared to be stable when she took her prescribed medications, and that plaintiff had reported the ability to cook, clean,

4

travel, socialize, and attempt employment (although these attempts were deemed unsuccessful) throughout the closed period. (Dkt. #5-2 at 14-15).

Initially, the Second Circuit has noted that a claimant's refusal or inability to obtain specialized mental health treatment is not necessarily probative of disability. *See De Leon v. Secretary of Health and Human Servs.*, 734 F.2d 930, 934 (2d Cir. 1984). In fact, plaintiff's treatment records from her primary care providers suggest that her mental health symptoms were not, as the ALJ found, typically mild during the relevant period when plaintiff was compliant with her prescribed medication regimen. *See e.g.*, Dkt. #5-7 at 249-50 (May 1, 2015 treatment note: plaintiff's "depression is unchanged. [She] has anxiety, cries excessively . . . mood disruptions have worsened . . . [a]ppears agitated, anxious, apprehensive"); 257 (February 24, 2015: "depression is unchanged . . . has anxiety, cries excessively, has a loss of appetite . . . overexcited, sad . . . anxious, apprehensive, emotionally labile"); 459 (November 11, 2015: "having an exacerbation of her anxiety . . . attempted to go back to work, and the outcome was very poor . . . will seek out the counseling I have recommended"); 461 (November 9, 2015: "did attempt to go to work today and found she was unable to attend to the tasks at hand . . . highly anxious, overwhelmed . . . I feel she would be better served to stay away from [the speech pathology] setting, working with something that is a little less stressful might be reasonable, but at this point in time a position which requires the higher executive function of a graduate level education is probably not reasonable to expect, all things considered in her history"); 467 (October 29, 2015: "significant exacerbation of her depressive symptoms, anxiety symptoms preventing her from being able to continue with her work expectations").

Furthermore, a claimant's ability to participate in some daily activities does not squarely contradict a physician's opinion that the claimant is unable to maintain a work schedule, perform

5

skilled work, or cope with work-related stress, particularly where, as here, there is no proof that the activities in which the plaintiff was engaged were comparable to the demands of such work. *See Harris v. Colvin*, 149 F. Supp. 3d 435, 445-46 (W.D.N.Y. 2016); *Wilson v. Colvin*, 213 F. Supp. 3d 478, 488 (W.D.N.Y. 2016). The record indicated that plaintiff's ability to perform activities such as shopping, driving and household chores was, in fact, significantly hampered by symptoms of anxiety, and that she often required assistance. (Dkt. #5-7 at 569-70). The ALJ's reliance on plaintiff's unsuccessful and sporadic attempts at part-time work was particularly misplaced, as plaintiff's demonstrated inability to manage even a part-time schedule tended to undermine, rather than support, the ALJ's finding that plaintiff's mental impairments caused no more than mild limitations.

Given the inadequacy of the ALJ's reasons for rejecting the only two opinions of record that addressed plaintiff's mental RFC, the ALJ's resultant finding that plaintiff's mental health symptoms did not cause "more than minimal limitations," and thus were "non-severe," is not supported by substantial evidence.

Nor can this error be said to be harmless. Although an ALJ's failure to characterize an impairment as "severe" may be harmless where the ALJ nonetheless considers the "combined effects of all impairments," both severe and non-severe, in making his RFC finding, it does not appear that the ALJ did so here. *Poles v. Berryhill*, 2018 U.S. Dist. LEXIS 49480 at *7 (W.D.N.Y. 2018)(citations omitted). Indeed, the ALJ's RFC finding includes no nonexertional mental health-related limitations whatsoever.

"[W]here an ALJ's exclusion of an impairment from the list of severe impairments is not supported by substantial evidence, and the ALJ fails to account for functional limitations associated with the excluded impairment in determining the claimant's RFC, remand for further

administrative proceeding is appropriate." *Aversa v. Saul*, 2020 U.S. Dist. LEXIS 3991 at *7 (E.D.N.Y. 2020) (quoting *Fontanez v. Colvin*, 2017 U.S. Dist. LEXIS 160048 at *47 (E.D.N.Y. 2017)).

In fact, even assuming *arguendo* that the ALJ's finding that plaintiff's mental health impairments were "non-severe" was *not* erroneous, remand would still be appropriate, given the ALJ's failure to consider or account for the impact of any of plaintiff's mental health symptoms on her RFC. "Where an ALJ 'fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further proceedings.'" *Schmidt v. Colvin*, 2016 U.S. Dist. LEXIS 110896 at 41 (E.D.N.Y. 2016)(quoting *Paz v. Commissioner*, 2016 U.S. Dist. LEXIS 44394 at *44 (E.D.N.Y. 2016). *See also Parker-Grose v. Astrue*, 462 F. App'x 16, 17 (2d Cir. 2012) ("[the claimant's] case must be remanded for further administrative proceedings, because the ALJ's finding that [the claimant's] 'medically determinable mental impairment of depression is nonsevere,' is not supported by substantial evidence and the Commissioner failed to account for any functional limitations associated with [the claimant's] depression when determining her residual functional capacity…"); *Jackson v. Colvin*, 2016 U.S. Dist. LEXIS 52903 at *11 (W.D.N.Y. 2016) ("the ALJ failed to properly consider [the] plaintiff's mental impairments, whether severe or non-severe, throughout the entire five-step sequential evaluation. As a result, the ALJ's RFC finding was not supported by substantial evidence").

Having found that the ALJ erred in his step two analysis with respect to the determination of plaintiff's severe impairments and that such error was not harmless, the Court declines to consider the remainder of plaintiff's arguments.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is denied. The ALJ's decision is reversed and remanded, for obtainment of additional medical opinion evidence as appropriate, reassessment of the plaintiff's severe impairments and the limitations they impose, and the rendering of a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 22, 2020.